CARLETON B. RYDER ET AL. *v.* THE HERTZ CORPORATION ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 110685
AT NEW HAVEN

Memorandum filed August 28, 1970

*Shiff & Shiff,* of New Haven, for the third-party plaintiff (named defendant).

*Gamm, Liebman & Rashba,* of Hamden, for the third-party defendant (executor of estate of Adolph J. A. Gilbert).

GRILLO, J. The third-party plaintiff herein (The Hertz Corporation), hereinafter called "Hertz," is a defendant in the original action instituted against it by Carleton B. Ryder and Mabel M. Ryder, who

claim to have sustained injuries and damages result-
ing from the operation of a vehicle owned and
leased by Hertz to the decedent of the third-party
defendant, hereinafter called "the executor." The
cause of action set forth in the original complaint is
predicated on § 14-154 of the General Statutes.[1] By
permission of the court, Hertz subsequently im-
pleaded the executor. General Statutes § 52-102a.
The executor has asserted two special defenses to
Hertz's complaint. The first special defense alleges
that on July 1, 1965, the executor was appointed in
the Probate Court for the district of New Haven
and that court limited presentation of claims to a
period within six months of that date. It alleges
that Hertz failed to present its claim against the
estate within the prescribed time. The second
special defense avers that the Ryders' injuries were
incurred on June 10, 1965, and that the action is
barred, not having been brought within one year
from that date. General Statutes § 52-584 (later
amended by Public Acts 1969, No. 401).

Hertz has demurred to these defenses. Succinctly
stated, the demurrer contends that no claim was in
existence within the period set by the Probate Court
and further that the 1967 amendment to the statute
relating to the limitation of time for presenting
claims against solvent estates (Public Acts 1967, No.
558 § 49, amending § 45-205) excepts claims founded
in tort and that the amendment should be given
retrospective effect if, in fact, a claim did exist in
1965. With reference to the defense pertaining to
the Statute of Limitations, Hertz admits by its de-
murrer the date of the occurrence of the injuries to

[1] "Sec. 14-154. LIABILITY OF OWNER FOR DAMAGE CAUSED BY RENTAL
OR LEASED CAR. Any person renting or leasing to another any motor
vehicle owned by him shall be liable for any damage to any person
or property caused by the operation of such motor vehicle while so
rented or leased, to the same extent as the operator would have been
liable if he had also been the owner."

the Ryders but, in effect, disputes the conclusions of that defense, maintaining, in effect, that its cause of action was not in existence at the time of the injuries to the Ryders. A demurrer admits the facts in pleadings but not the legal conclusions drawn therefrom. *McAdam* v. *Sheldon,* 153 Conn. 278, 283.

A consideration of the issues raised requires a searching of the record. *White* v. *Avery,* 81 Conn. 325, 328. The complaint of the Ryders in their action against Hertz alleges the date of the injuries to be June 10, 1965. Service of this complaint was made on Hertz on May 31, 1966. The third-party complaint of Hertz was served on the executor on October 6, 1969. This complaint, briefly stated, makes reference to the suit of the Ryders against Hertz for injuries and damages sustained by them and the lease agreement between Hertz and the executor's decedent, and alleges that the Ryders' injuries were caused by the decedent's wrongful conduct. It alleges that "if any liability accrues to the defendant in favor of the plaintiffs" that liability is secondary and the third-party plaintiff is entitled to indemnity by the third-party defendant respecting any liability it incurs.

It is clear that within the period designated by the Probate Court for the presentation of claims no litigation had been instituted against Hertz by the Ryders. While, by virtue of its ownership of the leased vehicle at the time of the accident and within that period, there did exist potential liability on the part of Hertz upon the commencing of a suit by the Ryders (§ 14-154) and, in that event, the further possibility of an assertion of a claim by Hertz against the executor, the possibility of the occurrence of those events did not invest Hertz with a "claim" within the meaning of the statute.

The so-called Statute of Nonclaim (§ 45-205) cannot be applicable to demands which do not exist or, if they do, are not sufficiently definite and capable of a legal adjudication. The claims contemplated by the statute are not referable to mere possibilities. *Bacon* v. *Thorp,* 27 Conn. 251, 260. The term "claim" as used in the statute does not encompass claims which are contingent or mere possibilities. *Roth* v. *Ravich,* 111 Conn. 649, 652. In view of this determination, it is unnecessary to consider whether the 1967 amendment to § 45-205 should be given retroactive application.

Quite obviously the second special defense proffered by the executor assumes that a cause of action on the part of Hertz against the executor existed on the day of the accident and injuries to the Ryders.

A right of action does not attach until the cause of action comes into being. The cause of action involves the existence of a primary right in a plaintiff and an invasion of that right by some delict on the part of the defendant. *Veits* v. *Hartford,* 134 Conn. 428, 432; *Pavelka* v. *St. Albert Society,* 82 Conn. 146, 147. The facts which establish that right and that delict constitute the cause of action. *Veits* v. *Hartford,* supra. The liability asserted by Hertz against the executor relates to the leasing of the vehicle to the executor's decedent and the consequences thereof, including the possible accrual of Hertz's liability to the Ryders. It is not based on any duty that Hertz owed the Ryders but on an entirely independent and separate duty owed to Hertz by the executor's decedent, i.e., not to use the vehicle wrongfully and render Hertz liable for damages to a third party. See *Farm Bureau Mutual Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.,* 141 Conn. 539, 544.

Ordinarily, the cause of action in favor of Hertz would not accrue until the Ryders had secured judgment against Hertz. *McEvoy* v. *Waterbury*, 92 Conn. 664, 666. Realistically speaking, under the facts of this case, when Hertz impleaded the executor its cause of action, i.e., facts forming the basis for a right of action against the executor, did not completely exist because there had been no legal declaration of Hertz's liability to the Ryders. For reasons fully set forth in *Schurgast* v. *Schumann*, 156 Conn. 471, 485, however, Hertz had the right under § 52-102a to implead the executor even though Hertz's liability to the Ryders had not yet been determined. See *Senior* v. *Hope*, 156 Conn. 92, 97. While it is clear that the accident and the sustaining of the injuries by the Ryders are links in the chain of events leading to the potential liability of Hertz, these events alone do not constitute the complete cause of action encapsulated in the pleadings—the third-party plaintiff complaint. The chain will be complete only upon Hertz's being found liable to the Ryders. Ordinarily, a statute of limitations does not commence to run against a defendant (third-party plaintiff) and in favor of the third-party defendant until judgment has been entered against the defendant. See 3 Moore, Federal Practice § 14.09. There are exceptions, but the facts alleged herein are not within these exceptions. Cf. *W. S. Rockwell Co.* v. *Lindquist Hardware Co.*, 143 Conn. 684, 687.

The demurrer to both special defenses is sustained.