[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT 356 362
In a complaint filed December 26, 1985, plaintiff Commercial Union Insurance Company alleges that defendant City of New Haven ("New Haven") hired C.E. Maguire ("Maguire"), an engineering and planning firm, to construct a sewer-line project supervised by general contractor Spiniello Construction Company ("Spiniello"). The plaintiff further alleges that construction activity carried on by the defendants was done in a careless and negligent manner, resulting in damage to real property owned by the plaintiff's
On November 2, 1987 the court granted Spiniello's and New Haven's motion to implead Caron Pipe Jacking Company. In a third party complaint filed November 18, 1987, third-party plaintiffs Spiniello and New Haven allege that the active negligence by the third-party defendant Caron Pipe Jacking ("Caron") caused the property damage by their manner and method of pipe jacking. Spiniello and New Haven claim money damages by way of indemnification, and all other remedies allowed by equity.
In a motion for summary judgment (#356) filed September 28, 1990, third-party defendant Caron moves for summary judgment on the third-party complaint of Spiniello and New Haven on the ground that there is no genuine issue of material fact to be decided because the claim is barred by the statute of limitations. In support of the motion Caron submits a memorandum of law and an affidavit by Caron's project manager. Spiniello and New Haven filed an objection to the motion for summary judgment (#356) on February 1, 1991, accompanied by a memorandum in opposition and supporting documentation.
Caron filed an answer and special defense to the third-party complaint on October 19, 1990. Spiniello and New Haven filed a reply on October 24, 1990 denying each allegation of Caron's special defense and leaving it to its proof.
In a second motion for summary judgment (#362) filed October 31, 1990, third-party defendant Caron moves for summary judgment on the third party complaint on the ground that "there does not exist any independent legal relationship between the City of New Haven/Spiniello Construction Company and Caron Pipe Jacking, Inc., and therefore a claim for indemnification based upon active/passive negligence is not proper." Accompanying the motion for summary judgment is Caron's memorandum of law.
Spiniello and New Haven filed their objection to Caron's CT Page 2896 motion for summary judgment (#362) on February 1, 1991 on the ground that a material issue of fact does exist regarding the legal relationship between the parties. Accompanying the objection is a memorandum of law and supporting documentation. In a supplemental exhibit filed November 8, 1990, Caron supplements its motion for summary judgment (#362) with a supporting affidavit by its project manager.
 Summary judgment is a method of resolving litigation when pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law (citations omitted). The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried.
Wilson v. New Haven, 213 Conn. 277, 279 (1989). After the movant meets this burden of demonstrating no genuine issue of material fact and entitlement to judgment as a matter of law, "the opponent bears the burden of presenting facts which contradict those offered by the movant." Id. In deciding a motion for summary judgment, "the trial court must view the evidence in the light most favorable to the nonmoving party. (citations omitted). `The test is whether a party would be entitled to a directed verdict on the same facts.' (citation omitted)." Connell v. Colwell,214 Conn. 242, 246-47 (1990).
Courts are reluctant to grant summary judgment in negligence cases, "[a] conclusion of negligence or freedom from negligence is ordinarily one of fact. (citation omitted). `Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.' (citation omitted." Amendola v. Geremia, 21 Conn. App. 35, 37 (1990).
MOTION FOR SUMMARY JUDGMENT #356
Caron moves for summary judgment (#356) on the ground that the claim of Spiniello and New Haven is barred by the applicable statute of limitations. Caron brought this motion for summary judgment before it filed its answer and special defense on October 19, 1990; however the pleadings were closed when the motion was argued at short calendar.
Conn. Practice Bk. 379 provides that any party may move for summary judgment once the pleadings are closed.
 Sec. 397. Scope of Remedy In any action, except actions for dissolution CT Page 2897 of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment, provided that the pleadings are closed as between the parties to that motion. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action.
Conn. Practice Bk. 379 (rev'd to 1978, as updated to July 1990). Nevertheless, in Brookfield v. Candlewood Shores Estate, Inc., the court addressed the merits of a motion for summary judgment that was filed before the pleadings were closed:
 This procedural failure by the plaintiff did not, in any fashion, have the effect of terminating or ousting the jurisdiction of the trial court. At most, it made the trial court's action in granting the summary judgment technically erroneous, but that error was rendered harmless by later circumstances, including the filing of the answer to the counterclaim, the lack of actual prejudice to the defendant, and the presumed consideration by the trial court, required under the circumstances, of the closed pleadings in deciding the plaintiff's motion.
Brookfield v. Candlewood Shores Estate, Inc., 201 Conn. 1, 4
(1986). Caron's failure to wait until the pleadings were closed before filing its motion for summary judgment (#356), is not fatal to the motion.
In its memorandum of law in support of its motion for summary judgment, Caron argues the following: that it terminated work on the construction project on November 28, 1983 (as supported by (affidavit); and that it was not impleaded into the instant action until November 26, 1987 which is well beyond the three year statute of limitations period for tort actions as provided by Conn. Gen. Stat. 52-577. In essence, Caron is asserting that summary judgment is appropriate because there is no issue of material fact (they did stop working on the project by a certain date) and they are entitled to judgment as a matter of law (the applicable statute of limitations period has run).
"`A `material' fact has been defined . . . as a fact which will make a difference in the result of the case. . . .'" Craftsmen, Inc. CT Page 2898 v. Young, 18 Conn. App. 463, 465 (1989). The date when Caron stopped working is not a material fact in the instant case because it will not make a difference in the resolution of the case: as this is an indemnification action based on tort, the statute of limitations begins to run at final judgment and not on the date that Caron stopped working on the project. Therefore, Caron is not entitled to judgment as a matter of law.
Indemnification ". . .involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ." Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701 (1988). "Ordinarily, a statute of limitations does not commence to run against a defendant (third-party plaintiff) and in favor of the third-party defendant until judgment has been entered against the defendant." Ryder v. Hertz Corporation, 29 Conn. Sup. 9, 13
(Super.Ct. 1970). See also W.S. Rockwell Company v. The Lindquist Hardware Company, 143 Conn. 684 (1956). Therefore, Caron is not entitled to summary judgment (motion #356) on the ground that the statute of limitations has run against Spiniello and New Haven, accordingly the court denys Caron's motion for summary judgment #356.
MOTION FOR SUMMARY JUDGMENT #362
After the closing of the pleadings, Caron moved for summary judgment (#362) on the ground that "there does not exist any independent legal relationship between the City of New Haven/Spiniello Construction Company and Caron Pipe Jacking, Inc. and therefore a claim for indemnification based upon active/passive negligence is not proper."
Caron asserts in its memorandum of law in support of motion for summary judgment #362, and also in its accompanying affidavit, that Caron did not enter into any contracts with Spiniello or New Haven with regard to the jacking of sewer pipe for the construction project which is the subject of this litigation, although they did sign a contract with the subcontractor who retained them. Without such a legal relationship, Caron argues there can be no claim for indemnification based upon active/passive negligence.
 [I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. (citation omitted). Such proof requires a plaintiff to establish four separate elements: "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the CT Page 2899 plaintiff's was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (citations omitted).
Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74
(1990).
In addition to these four elements to establish active or primary negligence, Caron asserts that a fifth element is required: there must be an existing independent legal relationship between the parties. For its authority, Caron cites the recent case of Atkinson v. Berloni, 23 Conn. App. 325, 328
(1990): "We conclude that, in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship."
For support of its proposition that there must be an independent legal relationship existing between the indemnitor and the indemnitee, Atkinson cites Ferryman v. Groton, 212 Conn. 138
(1989): Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539 (1954) and Maccarone v. Hawley, 7 Conn. App. 19
(1986). These three cases require an independent legal relationship between the indemnitor and the indemnitee, but only in the narrow context of a third-party seeking indemnification from an injured employee's employer.
Atkinson v. Berloni, 23 Conn. App. 325, 328 (1990), further states that "we have found [no Connecticut indemnification cases] allowing a claim for indemnification in the absence of such a duty or relationship. . ." and cites the following four cases in support: Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65 (1990); Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989) Beaudoin v. Town Oil Co., 207 Conn. 575 (1988) and Gino's Pizza of East Hartford, Inc. v. Kaplan, 193 Conn. 135 (1984). These four cases may also be subject to a different interpretation: when indemnification was denied it was not on the ground that there was no existing independent legal relationship between indemnitor and indemnitee. In Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65 (1990), the court determined that the indemnitor failed to establish its entitlement to recovery on theories of negligence, strict tort liability, and breach of warranty. The court further concluded that in the absence of any underlying tortious or contractual liability, there was no entitlement to indemnification. Burkert, 216 Conn. at 84 (emphasis added). In CT Page 2900 Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989), the court held that common law indemnification was a viable cause of action in the context of product liability . claims, and after giving an illustration based upon contract stated: "[t]he illustration given relates to a contract, but the principle is equally applicable in tort." Malerba, 210 Conn. at 197 (italics in original). It is submitted that the court in Malerba does not expressly indicate that a contractual relationship is required between indemnitor and indemnitee in order for indemnification. In Beaudoin v. Town Oil Co., 207 Conn. 575 (1988), the Supreme Court affirmed the lower court's granting of a motion to strike on the grounds of policy reasons behind the prior pending action doctrine, not on the failure to allege an independent legal relationship. Finally, in Gino's Pizza of East Hartford, Inc. v. Kaplan, 193 Conn. 135
(1984), the court found that the amount bought in indemnification was incorrect in that the indemnitor was not entitled to all the attorneys' fees he claimed. It is submitted that the above four cases do not support the proposition that no Connecticut indemnification cases allow a claim for indemnification in the absence of an independent legal relationship. The court concludes that Atkinson is not persuasive in the instant action, and that Burkert v. Petrol Plus of Naugatuck, 216 Conn. 65, 74 (1990), actually controls: "[w]e note that a party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. (citation omitted)." (emphasis added). The use of the phrase "or engaged in some tortious conduct" does not support Caron's argument that an independent legal relationship must exist between the indemnitor and indemnitee. Accordingly, the court concludes that the motion for summary judgment should be denied as a matter of law.
The court concludes it should deny this motion for summary judgment as whether or not there exists a duty based upon an independent legal relationship between Caron and Spiniello/New Haven because the question of a duty is a mixed question of fact and law which cannot be decided on a motion for summary judgment. Weintraub v. Dahn Inc., 188 Conn. 570, 574. See also Scholfield v. Bic Corporation, 3 CTLR 292 (January 31, 1991, Fuller, J.). For the above reasons the court denys Caron's motion for summary judgment #362
DONALD T. DORSEY, JUDGE