[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this case the plaintiff was injured as the result of the alleged negligence of the defendant, Heath Crawford. At the time of the accident, Crawford was driving a leased car owned by the defendant Agency-Rent-A-Car (Agency). The plaintiffs sued the defendant Agency pursuant to Sec. 14-154(a) of the General Statutes and on an agency theory.
Crawford's mother, Priscilla Swinton, rented the car from the defendant Agency. The rental contract specifically states:
 "No one except a customer or a qualified licensed driver over the age of 21 may use or operate the vehicle."
In an affidavit submitted by Ms. Swinton, she states the rental agent "did not advise me to read the contract; rather, he simply instructed me to sign in three places." Neither did he alert her to the specific provision at issue here. On April 27, 1990 because she was not feeling well she told her son, Heath Crawford, who was under the age of 21, to pick up her husband at work. She claims at this time she was not aware of the age restriction in the rental contract.
Heath Crawford was involved in an accident with the plaintiff's vehicle on the way to pick up his father. The plaintiff then sued Heath Crawford, the Agency and Aetna.
The Agency which rented the car to Mr. Crawford's mother has now filed a motion for summary judgment.
In their complaint, the plaintiffs based their claim against Agency on two theories. They claimed Crawford was the agent of Agency and a claim was made against Agency pursuant to Sec. 14-154(a) of the General Statutes. The plaintiff did CT Page 3314 not appear in court to contest this motion and the defendant Crawford in his objection to the motion does not argue that he was acting as the agent of the co-defendant Agency. The defendant Agency has filed unopposed affidavits to establish to the court's satisfaction that Crawford was not acting as agent of his co-defendant at the time of his accident and that Agency could not be held liable to the plaintiff on such a theory.
The remaining theory of liability based on Sec. 14-154(a) of the General Statutes. The defendant Agency, for reasons to be discussed, argues it is not liable under the statute because Crawford was an "unauthorized" driver. The co-defendant Crawford, as indicated, objects to his co-defendant's motion arguing that a genuine issue of fact exists as to whether Agency is liable to the plaintiff under Sec.14-154(a).
The defendant Agency claims that Crawford has no standing to oppose its motion.
Moller and Horton, Connecticut Practice, note in their commentary that McGoldrick v. Aparisi, 2 Conn. L.Trib. #51, p 5 (1976) held that a co-defendant is not an "adverse party" within the meaning of P.B. § 380, "Summary Judgment," and thus lacks standing to object to another defendant's motion for summary judgment. Moller and Horton disagree with this case and cite Chashin v. Wirth, 6 Conn. L.Rptr. 390 (1992) which granted summary judgment in favor of two defendants against two co-defendants.
I do not believe the status of a "party" as a co-defendant precludes it from resisting a motion for summary judgment filed by a co-defendant. Where a defendant in his motion claims fault does not lie with him or her but with a co-defendant, the latter party certainly has a direct interest in the motion, Chashin v. Wirth, supra. On the other hand, the fact that a defendant is a "party" should not necessarily mean that defendant has a right to oppose a co-defendant's motion for summary judgment.
The question should really be resolved by the facts of a particular case as to whether a co-defendant has standing in this situation. Several cases have dealt with the proper definition of "standing." CT Page 3315
 "When standing is put in issue the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue." Mystic Marine Life Aquarium, Inc. v. Gill, 175 Conn. 483, 492 (1978).
 "(Standing is) ordinarily held to have been met when a complainant makes a colorable claim of direct injury he . . . is likely to suffer." Maloney v. Pac, 183 Conn. 313, 321
(1981).
In Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989) the defendant Cessna claimed the original plaintiff Malerba lacked standing to challenge the third party complaint Cessna sought to file. The court noted PB § 117 gives a third party defendant full rights to address the claims not only of the third party plaintiff but also the claims of the original plaintiff against the original defendant. The court concluded the original plaintiff had standing because: "the addition of two defendants with perhaps greater insights as to both the factual and legal ramifications of the original cause of action creates at least a colorable claim of a likelihood of injury to the plaintiff's cause of action" id. p. 193.
Section 14-154a of the General Statutes provides that a lessor of an automobile is liable for any injury to any person caused by the operation of the car to the same extent as the operator would have been liable. In an effort to show the requisite standing, the defendant Crawford maintains the defendant Agency had a "duty" to both the plaintiff and himself under the statute. It is difficult to understand exactly what that duty is. Sec. 14-154(a) merely affords an additional remedy to an injured plaintiff, it does not relieve a lessee or one driving with the latter's permission from liability, Farm Bureau Mutual Automobile Ins. Co. v. KohnBros. Tobacco Co., Inc., 18 Conn. 298, 299 (1953). Also generally speaking where two parties are liable for a tort, one because he or she is the actual wrongdoer and the other because of vicarious liability created by statute, the latter party would be entitled to recover from the actual wrongdoer the amount which he or she has been compelled to pay in damages, id. p. 299. See also Farm Bureau case on appeal at CT Page 3316141 Conn. 539, 544 (1954), cf. Ryder v. Hertz Corp.,29 Conn. Sup. 9, 12 (1970). Even given the broad definition of standing in Malerba and Maloney, it would be difficult to find it here in the defendant Crawford. In the affidavits filed with the Crawford memorandum, there is no claim made that the defendant Agency is liable under any theory apart from the rights Sec. 14-154a gives to the plaintiff and thus there is no claim by Crawford that Agency or its employees are somehow liable to the plaintiff on a theory of actual negligence. I do not think Crawford could claim he has standing because he has some interest in preserving the possibility that the plaintiff could secure a judgment against Agency on a theory of vicarious liability on the part of Agency which is based on his own negligence. Agency would only be found liable to the plaintiff if the defendant Crawford is found liable. And as noted even if a judgment were to be procured against Agency, under the statute Agency in turn could pursue a claim against Crawford for the money it has been obligated to pay. The risks Crawford faces as to whether he is or is not found liable are neither increased or decreased if Agency is let out of the case so why should he have a say on the issue. Where the claim against a co-defendant is based on another defendant's liability and is thus vicarious how can the directinjury test of Malerba be met? Letting Agency out does not present a "colorable claim" that there will be a direct injury to the defense Crawford must present to the plaintiff's claim. Besides what insights as to the factual and legal ramifications regarding the plaintiff's claim and her theory of liability against Crawford will Agency's presence in the case bring to Crawford in defending his case, Malerba at210 Conn. p. 193.
However, despite these observations on standing I will also deal with the merits of the motion and the defendant Crawford's objection to them. For purposes of summary judgment, the moving party must show there is no genuine material fact in issue and the evidence must be viewed in the light most favorable to the non-moving party, Yanow v. TealIndustries, 178 Conn. 262, 265 (1978), Connell v. Colwell,213 Conn. 242, 246 (1990). Although the defendant Crawford argues that the motion should not be granted because "a genuine issue of material fact exists," the defendant points to no such facts. Both sides agree to the facts necessary to resolve the motion at least given the way the issues are framed in the briefs. The defendant Crawford says a genuine issue of CT Page 3317 material fact exists because Agency denies the plaintiff's allegation that Agency is liable under Sec. 14-154a to the plaintiff.
But the "facts" which the defendant Crawford argues defeat any such argument by Agency are not as such contested by the parties. It is the legal effect of those facts which is at issue and that is a question of law.
The question then is whether upon the facts presented the court should conclude that there could be no liability to the plaintiff by Agency under § 14-154(a) because its co-defendant, Crawford, was not an authorized driver. The defendant Agency argues that Pedevillano v. Bryon, 231 Conn. 265, 270 (1994) is controlling because under the terms of the lease Crawford, who was not 21 at the time of the accident, was not an authorized driver.
Resourceful counsel for Crawford argues, however, that the affidavits submitted by him and his mother indicate he was operating the car with his mother's, the lessee's, permission. He was in fact a licensed driver. Crawford first argues that he was unaware that there was an age restriction in the contract and he had no reason to suspect this since it would be unreasonable to expect a licensed driver driving a car leased by another, to read the underlying rental contract. That reasoning cannot be accepted since it would emasculate the rental agency's right by contract to restrict its liability — the whole point of Pedevillano. The ability to so limit liability should not depend on whether the driver read the lessee's rental contract but should depend on the wording of the contract and whether any provision limiting the lessee's right to loan the rental car to another is a reasonable restriction, see 231 Conn. at page 270.
The basis of the defendant Crawford's argument is that it is an unreasonable restriction for a car rental contract to provide that the lessee cannot allow a person under 21 to drive the car. Since this would violate state law and public policy, the defendant agency should not be permitted to rely upon this clause in the rental contract to escape liability under Sec. 14-154(a).
The defendant Crawford claims this provision is unreasonable because it violates § 46a-64 which makes it a CT Page 3318 "discriminatory practice" to "discriminate, segregate, or separate on account of . . . age." Quinnipiac Council BoyScouts of America, Inc. v. CHRO, 204 Conn. 287, 300 (1987) is cited which said in a case of alleged gender bias: "The purpose of anti-discrimination legislation is to afford access to opportunity on the basis of individual abilities rather than on the basis of stereotypical generalizations." Thus, the age restriction in this car rental contract would violate public policy.
Given the broad definitions in Sec. 46a-63 and Sec. 46a-64
of the General Statutes, it would appear that these statutes would apply to the operations of a rental car agency. The important expression of public policy in this act would preclude the enforcement of a contract provision in derogation of this public policy. Sec. 46a-46(b)(2) does provide that the provisions of the statute "shall not apply to minors." A provision in a car rental agreement providing that no minor can operate the leased car would therefore be a "reasonable restriction" under Pedevillano and thus not otherwise violative of public policy. However, Section 1-1(d) of the General Statutes defines a "minor" as one who is under the age of 18. When an operator under 21 but over 18 is driving a car with the lessee's permission and has an accident, a blanket restriction in a rental agreement stating people under 21 are not "authorized" drivers, precluding recovery against the rental agency pursuant to Pedevillano, would not seem to be permissible as a reasonable restriction. The policy inPedevillano did have a provision that "authorized" drivers be "at least 21 years old." 231 Conn. at p. 267, footnote 2 but restriction in a rental agreement stating people under 21 are not "authorized" drivers, precluding recovery against the rental agency pursuant to Pedevillano, would not seem to be permissible as a reasonable restriction. The policy in Pedevillano did have a provision that "authorized" drivers be "at least 21 years old." 231 Conn. at p. 267, footnote 2 but the age of the non-lessee driver in that case was not the factor relied upon by the rental agency in arguing the driver was an unauthorized driver.
It is true that the insurance rates on drivers under 21 may be higher and if rental agencies did not have provisions barring operation by such drivers their costs might be higher. But this valid concern could be accommodated by charging higher rental fees for people renting cars who intended or CT Page 3319 wished to retain the option of having 18 to 21 year olds in their family drive the rental car. Perhaps it could be argued that because of the problem with insurance rates there is no rational way to determine or cover the added costs to rental agencies by permitting people over 18 but under 21 to drive. But would this justify a blanket provision barring people under 21 from operating the rental car in light of § 46a-64? Because of cost considerations is such a restriction in a rental car agreement "reasonable" under Pedevillano? If so would this then create a "twilight zone" where a contract provision that might otherwise be considered violative of public policy is nevertheless permissible because imposing the public policy on certain industries would make their costs prohibitive and thus eliminate the service they otherwise provide to the public? That would not seem to be an acceptable result but may underline the fact that legislative modification of Sec. 14-154(a) rather than judicial tinkering is required.
In any event, as noted, I do not feel obligated to resolve these competing considerations here since as to the defendant Crawford I do not believe he has standing to raise the issue.
The motion for summary judgment is granted.
Corradino, J.