[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT STATE OF CONNECTICUT'S MOTION FOR SUMMARY JUDGMENT (#110)
CT Page 16118
Presently before the court is the codefendant State of Connecticut's (state) motion for summary judgment as to count three of the plaintiff's complaint. For the reasons that follow, the state's motion for summary judgment is granted.
 I. FACTUAL AND PROCEDURAL HISTORY
The plaintiff Donald Robertson commenced this action for damages for personal injuries against the state, Michael Delsanto (Delsanto) and Cheyney House/Community Solutions, Inc. (Cheyney House). The complaint alleges the following relevant facts.
On December 6, 1996, the plaintiff was injured when he was thrown from a truck, which was owned by the state and operated by Delsanto with the state's permission. The plaintiff claims physical injuries, including trauma to his head, neck, back and shoulder. The plaintiff was a client of defendant Cheyney House, a halfway house managed and owned by defendant Community Solutions, Inc. At the time of the incident, Delsanto, an employee of Cheyney House, was supervising the plaintiff in a work program at People's State Forest in Barkhamstead, Connecticut.
In count three of the complaint, the plaintiff alleges that Delsanto was an employee or agent of the state who, with the permission of the state and within the scope of his authority, was operating the state's insured truck at the time of the incident. He further alleges that Delsanto's carelessness and negligence caused his injuries. Therefore, the plaintiff claims that the state is liable for his injuries pursuant to General Statutes § 52-556.[1]
The state now moves for summary judgment as to count three on the ground that Delsanto is not an employee of the state. Although the plaintiff appeared at short calendar and argued in opposition to the state's motion for summary judgment, he did not file a brief, affidavit or other documents in opposition. Delsanto and Cheyney House, represented by the same counsel, also appeared for oral argument and have filed a brief, affidavit and deposition testimony in opposition to the state's motion.
 II. STANDARD FOR SUMMARY JUDGMENT
CT Page 16119
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban Development Commission,158 Conn. 364, 378, 260 A.2d 596 (1969). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) Id., 378-79. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence property presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.)Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
 III. DISCUSSION
The state argues that it is not liable for plaintiff's injuries pursuant to § 52-556 because Delsanto is not an employee or official of the state. The state relies on Delsanto's and Cheyney House's answers to its request for admissions, dated July 2, 1998, in which they admitted that "Delsanto was an employee, agent or servant of Cheyney House/Community Solutions, Inc. on or CT Page 16120 about December 6, 1996."[2] The state also relies on Delsanto's deposition testimony of May 24, 1999, in which Delsanto testified that Cheyney House was a private nonprofit corporation and not an agency of a municipality, the state or the federal government. (Delsanto Deposition, p. 10.) Delsanto further testified that on December 6, 1996, he was not an employee of the state nor has he ever been an employee of the state. (Delsanto Deposition, p. 36.)
Delsanto and Cheyney House argue that Delsanto was a de facto state employee because the state exercised control over Delsanto and Cheney House, citing Hunte v. Blumenthal, 238 Conn. 146,680 A.2d 1231 (1996). They rely on Delsanto's deposition testimony, in which Delsanto testified that he customarily received, his work assignment from state employees at People's State Forest. (Delsanto Deposition, p. 66.) Delsanto further testified that on December 6, 1996, a state employee informed him that the assignment for the day would be transporting picnic tables from one area of People's State Forest to another. (Delsanto Deposition, p. 66.) According to Delsanto's testimony, the state employee then gave him the keys to a state owned truck, which Delsanto and the work program participants, including the plaintiff, used to transport the picnic tables. (Delsanto Deposition, p. 66.)
 A. Standing of codefendants to object to the defendant state's Motion for Summary Judgment
The standing of codefendants Delsanto and Cheyney House to oppose the state's motion for summary judgment is not being challenged by the state or the plaintiff. Nevertheless, this court first turns to this issue. See Stamford Hospital v. Vega,236 Conn. 646, 656, 674 A.2d 821 (1996) ("standing . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings"); GlastonburyVolunteer Ambulance Assn., Inc. v. Freedom of InformationCommission, 227 Conn. 848, 851, 633 A.2d 305 (1993) (the trial court may raise the issue of subject matter jurisdiction sua sponte)
In McGoldrick v. Aparisi, Superior Court, judicial district of New Haven at New Haven, Docket No. 143325 (August 12, 1976,Burns, J.), the court, Burns, J., held that codefendants did not have standing to oppose a defendant's motion for summary judgment. The court reasoned that in order to be considered adverse parties, they must be "opposite parties to an issue CT Page 16121 between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue which must be raised by appropriate cross pleadings between the defendants themselves. . . . Codefendants are not truly adverse parties in a law suit. This term is commonly reserved for the plaintiff and the defendant. The defendants have filed no pleadings in this action which place them in an adversary posture as to each other." (Citations omitted; internal quotation marks omitted.) McGoldrick v. Aparisi, supra, Superior Court, Docket No. 143325.
Lawrence v. Crawford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 511514 (April 26, 1995, Corradino, J.) (14 Conn. L. Rptr. 146), rejected the per se rule articulated in McGoldrick v. Aparisi, supra, Superior Court, Docket No. 143325. The court, Corradino, J., held that "the status of a `party' as a co-defendant [does not] preclude it from resisting a motion for summary judgment filed by a co-defendant."Lawrence v. Crawford, supra, 14 Conn. L. Rptr. 147. The court reasoned: "Where a defendant in his motion claims fault does not lie with him or her but with a co-defendant, the latter party certainly has a direct interest in the motion. . . . On the other hand, the fact that a defendant is a `party' does not necessarily mean that the defendant has a right to oppose a co-defendant's motion for summary judgment." Id. "The question should really be resolved by the facts of a particular case as to whether a co-defendant has standing in this situation." Id.
This court agrees with the facts and circumstances test, as articulated in Lawrence v. Crawford, Superior Court,14 Conn. L. Rptr. 146, for determining whether a codefendant has standing to object to a defendant's motion for summary judgment. The Practice Book limits opposition to a motion for summary judgment to those parties who are adverse to the movant. Practice Book § 17-45
provides in relevant part: "The adverse party prior to the day the [motion for summary judgment] is set down for short calendar shall file opposing affidavits and other available documentary evidence." An adverse party ordinarily can show that it has standing "when it makes a colorable claim of [a] direct injury [it] has suffered or is likely to suffer, in an individual or representative capacity." (Internal quotation marks omitted.)Community Collaborative of Bridgeport, Inc. v. Ganim,241 Conn. 546, 553-54, 698 A.2d 245 (1997). Therefore, in order for Delsanto and Cheyney House to have standing to challenge the state's motion under the facts of this case, they must have a CT Page 16122 direct interest in the motion and the motion must have the potential to adversely affect their interests in the present action.
Based on the circumstances of this case I conclude that the interests of Delsanto and Cheyney House, if any, in the state's motion do not rise to the requisite level of adverseness to confer standing to oppose the state's motion for summary judgment. Count three of the complaint is based on the theory that Delsanto is a state employee and, therefore, the state is liable for the plaintiff's injuries pursuant to § 52-556. The state argues, however, that Delsanto is not a state employee as the term is used in the statute. Nowhere in the motion does the state present an argument affecting or impacting Delsanto, Cheyney House or their defenses to plaintiff's claims. Rather, the motion requires this court to determine the existence or absence of a genuine issue of material fact as to whether Delsanto at the time of the incident was a state employee within the meaning of § 52-556. "The question of whether a particular statute or regulation applies to a given state of facts is a question of statutory interpretation. . . . Statutory interpretation is a question of law for the court to decide."Biller Associates v. Rte. 156 Realty Co., 52 Conn. App. 18, 26,725 A.2d 398, cert. granted, 248 Conn. 916, 734 A.2d 566 (1999); see also Meadows v. Higgins, 249 Conn. 155, 162, 733 A.2d 172
(1999). Granting summary judgment to the state does not present a colorable claim of a direct injury to any defenses that the codefendants Delsanto and Cheyney House have asserted to plaintiff's claims against them. See Lawrence v. Crawford, supra,14 Conn. L. Rptr. 146. Therefore, I conclude that Delsanto and Cheyney House do not have standing to oppose the state's motion for summary judgment.
B. The state's Motion for Summary Judgment
Regardless of whether Delsanto and Cheyney House have standing, summary judgment in favor of the state must be rendered as there is no factual basis that Delsanto is an employee of the state, even under Hunte v. Blumenthal, supra, 238 Conn. 146. "Although the state generally is immune from suit, § 52-556
provides a cause of action against the state when any person is injured through the negligence of any state employee while operating a motor vehicle owned and insured by the state." Babesv. Bennett, 247 Conn. 256, 260, 721 A.2d 511 (1998). As a statute in derogation of the state's sovereign immunity, § 52-556 "should CT Page 16123 be strictly construed in favor, of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . . Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity." (Citations omitted; internal quotation marks omitted.) Id., 262.
Section 52-556 does not define who is a state employee. The term is defined, however, in Chapter 53 of the General Statutes authorizing claims against the state, as meaning "every person elected or appointed to or employed in any office, position or post in the state government, whatever his title, classification or function and whether he serves with or without remuneration or compensation, including judges of probate courts and employees of such courts." General Statutes § 4-141. Other sections of the General Statutes similarly describe a state employee as "any employee in the executive, legislative or judicial branch of state government, whether in the classified or unclassified service and whether full or part-time, and any employee of a quasi-public agency, but shall not include a judge of any court, either elected or appointed." General Statutes § 1-79; see also §1-91 (same); § 5-196 ("`[e]mployee' or `state employee' means any person holding a position in state service subject to appointment by an appointing authority"); and § 5-154 ("`[s]tate employee' means a person in state service, either appointive or elective")
There is nothing in this case tending to show that Delsanto was a state employee as the term is defined in the General Statutes. Delsanto and Cheyney House jointly admitted that Delsanto was an employee of Cheyney House on December 6, 1996. (See Answers to Request for Admissions, 7/02/98, ¶ 1.) Furthermore, Delsanto testified at his deposition that at the time of the incident he was not a state employee, nor has he ever been a state employee. (See Delsanto Deposition, p. 36.) Neither the plaintiff nor Delsanto and Cheyney House dispute these facts, rather they argue that Delsanto was a de facto state employee because the state exercised control over his work at People's State Forest.
Whether an individual is an employee or an independent contractor "depends upon the existence or nonexistence of the [employer's] right to control the means and methods of work." (Emphasis in original.) Hunte v. Blumenthal, supra,238 Conn. 154. The question here is whether the state had the right to CT Page 16124 control the means and methods of Delsanto's work at People's State Forest for Delsanto to be considered a state employee under § 52-556.
The evidence in this case does not suggest that the state had the right to control the means and method of Delsanto's work. Delsanto was employed at Cheyney House, a private nonprofit organization, as a community services supervisor. (See Answers to Request for Admissions, 7/02/98, ¶ 1; Delsanto Deposition, pp. 9, 13.) He was hired and regularly paid by the parent nonprofit corporation that operated Cheyney House. (See Delsanto Deposition, p. 10.) Delsanto reported to Cheyney House at the beginning of each workday and his supervisor would inform him of his duties for the day. (Delsanto Deposition, p. 19.) On some days, however, Delsanto would arrive at Cheyney House, only to be told by his supervisor to go to People's State Forest. (Delsanto Deposition, p. 19.) On such days, a state employee would inform Delsanto of the task for the day. (Delsanto Deposition, pp. 19, 24, 66.) Nevertheless, Delsanto worked under the direction of his supervisors at Cheyney House. (Delsanto Deposition, p. 13.) While at People's State Forest, Delsanto was the sole supervisor of Cheyney House clients, including the plaintiff. (Delsanto Deposition, p. 19.) Delsanto, through his employer, Cheyney House, had the state's permission, however, to use a state owned and insured vehicle when working with clients at People's State Forest. (Delsanto Deposition, pp. 66, 68.) The evidence suggests only that Delsanto was an employee of Cheyney House and was a permissive user of a state owned and insured truck).[3]
Unlike Hunte v. Blumenthal, supra, 238 Conn. 146, in which the court found the state's broad and pervasive controls over foster parents gave rise to an employer-employee relationship, the facts of this case do not indicate state control over Delsanto's work. See id., 157-63 (discussing the extent of state regulations applicable to foster parents). At most, the evidence demonstrates that the state only had control of Cheyney House's operations by indicating what particular job needed to be done, such as in this case, the delivery of picnic tables from one area of the park to another. This is no different from engaging an independent contractor to perform any job. The mere provision of a truck and designation of a task, without more, cannot transform the status of an employee of an independent contractor to that of a de facto employee of the state.
The state has sufficiently shown that there is no credible CT Page 16125 evidence that the state had the right to or did control the means and methods of Delsanto's work. Neither the plaintiff nor the codefendants Cheyney House or Delsanto have provided the court with any proof to the contrary.
 CONCLUSION
As the state has met its burden of demonstrating the nonexistence of a genuine issue of material fact as to Delsanto's nonemployment by the state, the state's motion for summary judgment must be and is granted.
Teller, J.